UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FRANCISCO SIDA-CORRAL, | ) | CASE NO. 4:08 CV 1775 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G. LAPPIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On July 24, 2008, pro se petitioner Francisco Sida-Corral filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President John D. Ferguson, and Warden Joseph D. Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.). Mr. Sida-Corral, who is incarcerated at N.E.O.C.C., asserts that his transfer to a CCA facility based on national origin is a violation of his Fifth and Fourteenth Amendment rights under the Constitution, as well as 18 U.S.C. § 242 and 18 U.S.C. § 4001. He seeks an order declaring the contractual arrangement between CCA and the BOP null and void, immediately transferring him to a low security BOP facility and directing the BOP to provide all inmates the same benefits and privileges regardless of their national origin.

*Background*

Mr. Sida-Corral pleaded guilty in the United States District Court for Western

District of Texas to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § §841 and 846. United States v. Sida-Corral, EP-01-CR-1487-EP(6) (WD Tex. 2001). The court sentenced him to 151 months in prison on August 5, 2002.

Petitioner was classified as a Medium security level inmate and transferred to F.C.I. Elkton, Ohio, a low and medium custody security facility. Several years after his incarceration at F.C.I. Elkton, the BOP reduced his security status to "Low."

On May 15, 2008, petitioner was transferred from F.C.I. Elkton to N.E.O.C.C. He alleges that the transfer was based on his "race, national origin and immigration status."[1] Petitioner asserts that a transfer on this basis violates the Fifth and Fourteenth Amendments of the Constitution because it impermissibly classified him by race and national origin.

Mr. Sida-Corral contends that he is entitled to be treated the same as all other similarly situated low security inmates because he meets the regulatory definition of an "inmate," as set forth in 28 C.F.R. Part 500.1(c). He claims his "illegal and unconstitutional segregation transfer" violates the Constitution because he is a low security prisoner who is now at a "Privately operated facility with maximum security level treatment, although it is purported to be a low security custody level facility." (Pet. at 10-11.)

*28 U.S.C. § 2241*

The Supreme Court has made it clear that "'federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C § 2254[§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.'" Hodges v. Bell, No. 04-6167, 2006 WL 508043, at *3 (6th Cir. Mar. 2, 2006) (quoting

---

[1] Other than noting that he is not a citizen of the United States, Mr. Sida-Corral does not identify his race or nationality.

Muhammad v. Close, 540 U.S. 749, 750 (2004)). Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In Nelson v. Campbell, 541 U.S. 637(2004), the Court reiterated this holding when it explained that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." Id., at 643; see also Muhammed, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

The complaints that Mr. Sida-Corral levels against the respondents are all challenges to the conditions of his confinement at N.E.O.C.C. There are no facts alleged which address the validity of his conviction or duration of his sentence. It is clearly the manner in which he is serving his sentence that he seeks to change. He specifically claims that his civil rights, pursuant to the Fifth and Fourteenth Amendments, are being violated by the respondents. Because habeas relief is designed to test the fact or duration of confinement, Thomas v. Eby, 481 F.3d 434, 438 (6th Cir.2007), this court cannot grant the relief petitioner seeks pursuant to 28 U.S.C. § 2241. To the extent he seeks relief other than release, the appropriate action would be to file a civil rights complaint. Preiser, 411 U.S. at 484.

*Conclusion*

Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 16, 2008 *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE